Mark W. Neis, Attorney #09510
Neis & Michaux, P.A.
825 Bank of America Tower
534 S. Kansas Ave., Ste. 825
Topeka, KS 66603-3446
Tel:  785-354-1471
Fax: 785-354-1170
mark.neis@neismichaux.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

John Michael Crader                           Case No. 18-40622
SS# xxx-xx-5308
Rebecca Jean Jannelle
SS# xxx-xx-1780

Motion Of Debtor To Approve Intended Compromise And Settlement Of Personal Injury Claim In Addition To Debtor's Attorney's Application For Compensation

      Debtor by counsel of record Mark W. Neis, Neis And Michaux, P.A., moves the Court for an order approving the settlement by compromise of a claim for personal injuries sustained by Debtor 2 in an automobile mishap on or about December 4, 2018, at or near the intersection of 4 th Street and Main Street, Osage City, Osage County, Kansas.   Debtor is represented in the chapter 13 case by Mark W. Neis, Neis And Michaux, P.A.  Debtor 2 is represented in her claims for losses sustained as a result of personal injuries in said auto mishap by Dustin L. Van Dyk of Palmer Law Group, P.A., 2348 SW Topeka Blvd., Kansas 66611.

      1.  Debtor seeks the Court's approval of an intended compromise of all claims of Debtor 2's as negotiated by her special counsel Dustin L. Van Dyk in the tort claim referred to in compensation for personal injuries sustained by Debtor 2, including wage loss, pain and suffering, medical expenses, and any other compensable losses as a result of injuries in the automobile mishap.  Debtor 2 asserts her injuries and other losses provided by law are the direct result of the negligent operation of a motor vehicle by a third party on or about December 4,

2018, at or near the intersection of 4 th Street and Main Street, Osage City, Kansas.

2. The compromise settlement achieved by debtor's able and experienced counsel Dustin L. Van Dyk would be in the sum of $35,000.00 (thirty-five thousand dollars) and be payable by USAA Insurance which is the insuror of a third party liable for the accident and therefore losses to Debtor 2 as a result. The claim is not the subject of court ligation in the District Osage County, Kansas, the site of the mishap, or any other county in Kansas with jurisdiction.

3. Due to efforts of special counsel representing Debtor 2, there are no liens or claims to be paid from the settlement of $35,000 to debtor's insurance carrier Progressive Insurance for payments advanced per so-called Personal Injury Protection by debtor's insuror for some of her medical expenses and wage loss. By applicable law, such advances would have been a lien on the settlement proceeds obtained from the third party responsible for debtor's injuries. Said lien was waived and not asserted by Progressive Insurance. Said amounts totaled $5,223.20 combined medical and wage loss advances.

4. Debtor's total medical expenses incurred due to injuries in the accident is $12,181.07.

5. Of that amount, $6,717.63 remain unpaid and debtor is liable for same. A list of the outstanding medical bills payable by debtor has been furnished to the chapter 13 trustee. Debtor will be liable to satisfy the said medical claims for her treatment from any settlement proceeds she receives or from other income or resources.

6. Debtor 2 asserted wage loss of $2,730.00 in her claim against the negligent party.

7. Employment of special counsel Dustin L. Van Dyk was approved by an order of the Court dated December 5, 2019, Doc. 53. Debtor's personal injury attorney's employment was

approved under a contract wherein special counsel would be entitled to compensation ranging from 33 1/3 % of the net recovery up to 45% in the event of an appeal. Special counsel's fee under the terms of settlement will be 33 1/3% of the net recovery as defined by the Kansas Supreme Court in contingency fee agreements between attorneys and clients. Debtor's attorney seeks $500 in compensation payable from the proceeds of settlement for his services performed in the chapter 13 case of Debtor 2 to obtain approval of the proposed settlement and to amend the plan to pay a portion of the proceeds to the Chapter 13 Trustee. The amendment to plan is summarized following:

  A. From proceeds of settlement of the injury claim of Debtor 2, the Chapter 13 Trustee would be paid a sufficient sum so that one half (50%) of the claims that are solely claims for which Debtor 2 is obligated would be paid in the plan as a special class.

  B. The total claims for which Debtor 2 is solely legally liable for total about $4,829.21. One half that amount is $2,415.61. After the trustee's fee is considered, there would be an approximate amount remitted of $2,758.28. The exact sum will be computed by the Chapter 13 Trustee who will advise special counsel Dustin L. Van Dyk the amount to remit.

  C. The said provisions will be in a proposed amendment to plan with notice and objection deadline and opportunity for hearing filed more or less simultaneously with this motion.

  8. Upon full hearing, special counsel for Debtor 2 would testify the terms of settlement arrived at with USAA, insurance carrier liable by contract for the negligence of their insured driver is very favorable and is in line with or superior to typical settlements of personal injury claims by injured persons with similar amounts of provable losses as those of Debtor 2. The factors which special counsel would point to include:

A. Amount of medical expenses incurred by Debtor 2.

B. Amount of wages lost and time off work by Debtor 2.

C. Other factors which would impact negatively the ability of Debtor 2 to prove relationship of symptoms to the December, 2018, automobile mishap. Said factors are part of special counsel's work product and therefore privileged although those factors could be shared with the Chapter 13 Trustee.

9. Upon the Court's approval of the tentative, proposed settlement of the claim of Debtor 2, special counsel for debtor Dustin L. Van Dyk shall conclude the formal settlement of Debtor 2's claim with USAA Insurance. Thereafter, special counsel will in due course prepare a proposed summary of the distribution of the proceeds of Debtor 2's settlement with USAA prior to making a pay out of any funds and submit the summary to the Chapter 13 Trustee. Other than the pay out by the Chapter 13 Trustee of the funds called for in a motion and order to amend plan as to the special class of claims owed solely by Debtor 2, all proceeds of settlement will be paid out by special counsel.

Wherefore, Debtor 2 by her counsel and attorney of record Mark W. Neis, Neis And Michaux, P.A., requests the Court approve by Order of the Bankruptcy Court Judge the proposed settlement of the claim for personal injuries with USAA Insurance for its insured in the gross amount of $35,000 (thirty-five thousand dollars) for all claims known and unknown of any kind, including out of pocket losses for lost wages, medical expenses both past and future, pain and suffering both past and future, and future disability; that upon the confirmation and approval of the said settlement for Debtor 2 by her special counsel, Dustin L. Van Dyk, said attorney for Debtor 2 be authorized to complete settlement processes with USAA per usual custom and procedures followed in similar cases not involving chapter 13 debtors; to require

special counsel to hold such funds received pursuant to the Bankruptcy Court's order and direction, and thereafter to submit a summary of the proposed distribution to the Chapter 13 Trustee, prior to paying out such proceeds per the terms of the Court's Order on Debtor 2's motion and/or any future order that may be entered by the Court on the motion of an interested party seeking such relief.

Respectfully submitted by:

S/Mark W. Neis
Mark W. Neis, Attorney #09510
Neis And Michaux, P.A.
Attorney for Debtor

Reviewed and approved as to content by:

S/Dustin L. Van Dyk
Dustin. L. Van Dyk, Ks. Sup. Ct. No. 23313
Palmer Law Group, P.A.
2348 SW Topeka Blvd.
Topeka, KS 66611-1286
Tel: (785) 233-1286
Fax: (785) 233-3703
Email: dvandyk@jpalmerlaw.com

Certificate of Service By Debtor's Attorney

I certify that on April 8, 2020, a true and correct copy of the "Motion Of Debtor To Approve Intended Compromise And Settlement Of Personal Injury Claim" was electronically filed with the court's CM/ECF system, which sent notification to parties in interest participating in the CM/ECF system; and were forwarded via U.S. Mail, first class postage prepaid and properly addressed to parties and/or counsel who do not participate or receive notice by the Court's CM/ECF electronic document filing system:

Claims Filed Mailing Matrix in *In re: John Michael Crader and Rebecca Jean Jannelle*, Case no. 18-40622-13 DLS, downloaded on April 7, 2020, and attached hereto and incorporated by reference.

Dated: 4/8/2020.          By:   S/Mark W. Neis
                                 Mark W. Neis, Attorney For Debtor 2

John Michael Crader, xxx-xx-5308                                           Case No. 18-40622
Rebecca Jean Jannelle, xxx-xx-1780

Notice Of Objection Deadline And Opportunity For Non Evidentiary Hearing As To Motion Of Debtor To Approve Intended Compromise And Settlement Of Personal Injury Claim In Addition To Debtor's Attorney's Application For Compensation

  NOTICE IS HEREBY GIVEN:  Debtor 2 Rebecca Jean Jannelle filed on 4/8/2020 a motion to approve an intended compromise and settlement of a claim for personal injuries <u>Doc. 79</u> titled: "Motion Of Debtor To Approve Intended Compromise And Settlement Of Personal Injury Claim In Addition To Debtor's Attorney's Application For Compensation". A true copy is served on interested parties who do not receive electronic notices in debtor's chapter 13 case.

  Written objections to the foregoing motion are required to be filed with the Clerk of the U.S. Bankruptcy Court, District of Kansas, Topeka Divisional Office, 240 Carlson Federal Building and U.S. Courthouse, 444 SE Quincy Street, Topeka, Kansas 66683 **on or before April 30, 2020**. Papers are due by the close of business at the Clerks' office.

  Timely filed objections will be heard at a hearing to be scheduled in the U.S. Bankruptcy Court, District Of Kansas, Topeka Divisional Office, 210 Carlson Federal Building and U.S. Courthouse, 444 SE Quincy Street, Topeka, Kansas 66683 on **MAY 12, 2020, at 9:00 am cdt,** or as soon after as the Court may conveniently call the matter for hearing on its regularly scheduled hearing docket on that date at that time.

  Unless a timely written objection is received, debtor's motion will not be set for hearing as described. Debtor's counsel will prepare a proposed order granting the relief requested and forward same to the Chapter 13 Trustee for his approval, prior to submitting same to Bankruptcy Court for review and ruling, all on an ex parte basis without further opportunity for hearing.

Certificate of Service By Debtor's Attorney

  I certify that on April 8, 2020, a true and correct copy of the "Motion Of Debtor To Approve Intended Compromise And Settlement Of Personal Injury Claim..." was electronically filed with the court's CM/ECF system, which sent notification to parties in interest participating in the CM/ECF system; and were forwarded via U.S. Mail, first class postage prepaid and properly addressed to parties and/or counsel who do not participate or receive notice by the Court's CM/ECF electronic document filing system:

Claims Filed Mailing Matrix *In re: John Michael Crader and Rebecca Jean Jannelle*, Case no. 18-40622-13 DLS, downloaded on April 7, 2020, and attached hereto and incorporated by reference.

Dated: 4/8/2020.           By: <u>S/Mark W. Neis</u>
                    Mark W. Neis, Attorney For Debtor

18-40622
John Michael Crader & Rebecca Jean Jannelle

CLAIMS FILED MATRIX

Matco Tools
4403 Allen Rd
Stow, OH 44224-1096

U Own
c/o Creditors Bankruptcy Service
PO Box 800849
Dallas TX 75380

Navient Solutions, LLC. on behalf of
Educational Credit Management Corporation
PO BOX 16408
St. Paul, MN 55116-040

KANSAS GAS SERVICE
PO BOX 3535
TOPEKA, KS 66601-3535

Global Lending Services LLC
1200 Brookfield Blvd Ste 300
Greenville, South Carolina 29603

Speedy Cash
P.O. Box 780408
Wichita, KS 67278

American Medical Response, Inc.
c/o H. Kent Hollins
3615 SW 29th St.
Topeka, KS 66614-0586

Shawnee County Health Agency
c/o H. Kent Hollins
3615 SW 29th St.
Topeka, KS 66614-0586

State of Kansas, 3rd Judicial District (Shawnee)
c/o Butler & Associates, P.A.
3706 SW Topeka Blvd., Suite #300
Topeka, Kansas 66609

Stormont-Vail Healthcare, Inc.
c/o Butler & Associates, P.A.
3706 SW Topeka Blvd., Suite #300
Topeka, Kansas 66609

Ashley Funding Services,
LLC its successors and assigns as assignee of
Laboratory
Corporation of America Holdings

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Westar Energy Bankruptcy Team
PO Box 208
Wichita, KS 67201-020

Robert Harmon DDS
Acc no 455459
840 Lakin Street
Osage City, KS 66523

Washburn University
1700 SW College Ave
Topeka, KS 66621

John Michael Crader
Rebecca Jannelle
703 Main Street
Osage City, KS 66523

Mark W. Neis, Attorney At Law
NEIS & MICHAUX, P.A.
825 Topeka Office Tower
534 S. Kansas Avenue, Suite 825
Topeka, KS 66603-3445